**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| JULIO CURY and TAKAO YAMADA, | * | Civil Action No.: 2:23-cv-499 |
| Plaintiffs, | * | COMPLAINT |
| v. | * | Freedom of Information Act, 5 U.S.C. § 552 |
| DEPARTMENT OF STATE and DEPARTMENT OF HOMELAND SECURITY, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*

Plaintiffs Julio Cury and Takao Yamada bring this action against Defendants Department of State and Department of Homeland Security pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## **JURISDICTION**

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff Julio Cury, a/k/a Julio Cury David ("Cury")[1] is a citizen of the Dominican Republic and is a resident of Santo Domingo, DR.

4. Plaintiff Takao Yamada ("Yamada") is a legal resident of the State of Washington.

5. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

6. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

7. U.S. Customs and Border Protection ("CBP") and U.S. Citizenship and Immigration Services ("USCIS") are DHS components.

**FIRST CAUSE OF ACTION**

**(STATE – RECORDS DENIAL – F-2023-00026)**

8. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

---

[1] In Spanish-speaking cultures, a person generally has two surnames—the first being the father's surname and the second being the mother's last name before marriage (generally referred to in the United States as a "maiden name")—while the United States does not generally practice this custom. *See* Gerald Erichsen, *How Spanish Surnames Are Created*, ThoughtCo.com (Aug. 15, 2019), *at* https://www.thoughtco.com/spanish-surnames-mother-and-father-3078099 (last accessed Mar. 31, 2023) (comparing naming customs). Accordingly, this Complaint will follow the U.S. naming custom for Cury, and the Spanish alternative name is listed solely out of recognition that some of the responsive records may follow the Spanish custom.

9. In 2011, Cury's B1/B2 non-immigrant visa was revoked by State. He later learned that the revocation was due to his alleged commission of a crime of moral turpitude, which he contests.

10. On 1 October 2022, Plaintiffs, through undersigned counsel, submitted to State by email a FOIA request for records pertaining to the revocation of Cury's visa.

11. On 3 October 2022, State acknowledged receipt of this request and assigned it Request No. F-2023-00026.

12. On 15 February 2023, State released several records in part to Plaintiffs.

13. On 28 February 2023, Plaintiffs appealed the adequacy of State's search for responsive records and all withholdings. State acknowledged this appeal on 28 February 2023 and assigned it Appeal No. A-2023-00155.

14. Plaintiffs have not received any substantive response from State to this appeal as of this writing.

15. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

## SECOND CAUSE OF ACTION

### (STATE – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN)

16. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

17. On 1 October 2022, Plaintiffs, through undersigned counsel, submitted to State by email a FOIA request for "all records, including emails, in the U.S. Embassy in Santo Domingo, including but not limited to the Regional Security Office, including any permutations of Mr. Cury's name (including permutations which lack "David")."

18. Plaintiffs have not received any acknowledgement from State of this request as of this writing.

19. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

## THIRD CAUSE OF ACTION

### (CBP – CONSTRUCTIVE RECORDS DENIAL – CBP-FO-2023-001611)

20. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

21. On 18 October 2022, Plaintiffs, through undersigned counsel, submitted to CBP by online portal a FOIA request for all information about Cury contained in the Arrival and Departure Information System.

22. On 21 February 2023, CBP acknowledged receipt of this request and assigned it Request No. CBP-FO-2023-001611.

23. Plaintiffs have not received any substantive response from CBP to this request as of this writing.

24. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by CBP of said right.

## FOURTH CAUSE OF ACTION

### (DHS – CONSTRUCTIVE RECORDS DENIAL – 2022-HQFO-02042)

25. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

26. In 2003, DHS and State established a Memorandum of Understanding ("MOU") concerning visa policy and visa determinations.

27. In pertinent part, the DHS-State MOU established that "[t]he Secretary of Homeland Security will have final responsibility over visa guidance prescribing information, evidence, or other documentation collected to establish eligibility for a visa, admissibility to the United States, and to classify an alien as an immigrant or nonimmigrant" and that "[State] will continue to provide advisory opinions, including [Security Advisory Opinions], after appropriate interagency coordination[, and] DHS will be copied on all security advisory opinion requests."

28. In 2013, Cury's counsel Karina Perez wrote a letter to then-Secretary of Homeland Security Janet Napolitano invoking the DHS-State MOU and "requesting [her] opinion and review of the B1B2 visa revocation for" Cury.

29. On 1 October 2022, Plaintiffs, through undersigned counsel, submitted to DHS by online portal a FOIA request for "all records in [its] possession about Mr. Cury and all records documenting any actions taken by DHS in response to Ms. Perez's letter," which was attached to the request.

30. On 15 December 2022, DHS acknowledged receipt of this request and assigned it Request No. 2022-HQFO-02042. DHS informed Plaintiffs that it was referring the request to USCIS.

31. Plaintiffs' undersigned counsel emailed DHS, stating, "I don't have an objection to you referring this *in part* to USCIS to search their systems for responsive records, but this cannot be wholly referred, such that HQ does no search whatsoever. This clearly was a request for records maintained by HQ in response to a letter written to *the Secretary*, not USCIS. Please confirm that you will still be conducting a search of HQ records as well."

32. On 6 January 2023, Plaintiffs appealed the adequacy of DHS's search for responsive records and the decision to refer the request to USCIS without conducting a search of DHS systems.

33. On 8 February 2023, DHS informed Plaintiffs that it was reopening the request.

34. Plaintiffs have not received any substantive response from DHS to this request as of this writing.

35. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by DHS of said right.

## FIFTH CAUSE OF ACTION

### (USCIS – CONSTRUCTIVE RECORDS DENIAL – NRC2022311926)

36. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

37. On 23 December 2022, USCIS acknowledged receipt of the referred request identified in the fourth cause of action and assigned it Request No. NRC2022311926. USCIS stated that it identified no responsive records.

38. On 6 January 2023, Plaintiffs appealed the adequacy of USCIS's search for responsive records.

39. Plaintiffs have not received any substantive response from USCIS to this appeal as of this writing.

40. Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by USCIS of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Julio Cury and Takao Yamada pray that this Court:

(1) Order the Department of State and Department of Homeland Security to release all requested records to them;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   April 3, 2023

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq., WSBA #60671
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*