District Judge James L Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO CURY and TAKAO YAMADA,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF STATE, and DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 2:23-cv-00499-JLR<br><br>ANSWER TO COMPLAINT |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants the U.S. Department of State ("State Department") and Department of Homeland Security ("DHS") answer Julio Cury and Takao Yamada's (hereinafter "Plaintiffs") Complaint, in like numbered paragraphs, as follows:

**JURISDICTION**

1.  Defendants admit that this Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

**VENUE**

2.  Defendants admit that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this Court.

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

**PARTIES**

3. Defendants are without knowledge or information sufficient to confirm or deny the allegations contained in Paragraph 3 and therefore deny them at this time.

4. Defendants are without knowledge or information sufficient to confirm or deny the allegations contained in Paragraph 4 and therefore deny them at this time.

5. Defendant State Department admits only that it is a federal agency within the meaning of 5 U.S.C. § 552(e). The allegations in the last sentence of Paragraph 5 consist of conclusions of law to which no response is required.

6. Defendant DHS admits only that it is a federal agency within the meaning of 5 U.S.C. § 552(e). The allegation in the last sentence of Paragraph 6 consists of legal conclusions to which no response is required.

7. Defendant DHS admits that U.S. Customs and Border Protection (CBP) and U.S. Citizenship and Immigration Services (USCIS) are DHS components.

**FIRST CAUSE OF ACTION**

**(STATE – RECORDS DENIAL – F-2023-00026)**

8. Defendants incorporate by reference their responses set forth above.

9. The first sentence of this paragraph contains allegations of facts that are not relevant to the claims and defenses in this action and therefore no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

10. Defendants admit that on October 3, 2022, the State Department's Office of Information Programs and Services ("IPS") received Plaintiff's FOIA request dated October 1, 2022. Defendants refer the Court to the FOIA request for a complete and accurate statement of

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

its contents and deny the allegations in this paragraph to the extent inconsistent with the content of the request.

11.  Defendants admit that on October 3, 2022, IPS sent an email to the email address kel@nationalsecuritylaw.org, acknowledging receipt of Plaintiff's October 1, 2022 FOIA request and assigning it reference number F-2023-00026.

12.  Defendants deny the allegations in this paragraph and aver that on January 5, 2023, the State Department released 1 document in full and 30 documents in part, totaling 219 pages, to Plaintiff in response to FOIA request F-2023-00026.  The State Department sent the documents to the email address kel@nationalseucritylaw.org.  In the letter accompanying the release of the documents, the State Department notified Mr. McClanahan that it had located and reviewed 88 documents, totaling 629 pages, relevant to the request.

13.  Defendants admit that on February 28, 2023, the State Department received a letter from Mr. McClanahan dated the same date appealing F-2023-00026 which stated, "On behalf of my clients, I appeal all withholdings in this response as well as the adequacy of the agency's search."

14.  Defendants admit that as of the date of the filing of the Complaint, the State Department had not communicated a grant or denial of the February 28, 2023 appeal.  However, in a letter dated April 6, 2023, IPS informed Mr. McClanahan "that action on the [ ] administrative appeal has been overtaken by the ongoing litigation of this matter in federal court. We have consequently closed your administrative appeal in this office.  No further appeal action is now pending for Freedom of Information Act appeal A-2023-00155."

15.  This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies this paragraph.

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

## SECOND CAUSE OF ACTION

### (STATE – CONSTRUCTIVE RECORDS DENIAL – UNKOWN)

16. Defendants incorporate by reference their responses set forth above.

17. Defendants admit that on October 1, 2022, IPS received an email from kel@nationalsecuritylaw.org stating, "On behalf of my clients Takao Yamada and Julio Miguel Cury David, I hereby request an electronic copy of all records, including emails, in the U.S. Embassy in Santo Domingo, including but not limited to the Regional Security Office, including any permutations of Mr. Cury's name (including permutations which lack 'David')."

18. Defendants admit that as of the date of the filing of the Complaint, the State Department had not provided an acknowledgement of the request referenced in paragraph 17 of the Complaint. However, on May 9, 2023, the State Department sent a letter to Mr. McClanahan acknowledging receipt of the FOIA request referenced in paragraph 17 of the Complaint and assigned it reference number F-2023-07562.

19. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies this paragraph.

## THIRD CAUSE OF ACTION

### (CBP – CONSTRUCTIVE RECORDS DENIAL – CBP-FO-2023-001611)

20. Defendants incorporate by reference their responses set forth above.

21. Admit.

22. Admit.

23. Admit.

24. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies this paragraph.

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

## FOURTH CAUSE OF ACTION

## (DHS – CONSTRUCTIVE RECORDS DENIAL – 2022-HQFO-02042)

25. Defendants incorporate by reference their responses set forth above.

26. The allegations in Paragraph 26 do not aver facts in support of a claim, and therefore no response is required.

27. The allegations in Paragraph 27 do not aver facts in support of a claim, and therefore no response is required

28. Defendant DHS lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 28. Defendants respectfully refers the Court to the cited letter for the best evidence of its contents and denies all allegations inconsistent therewith.

29. Defendant DHS admits that on October 1, 2022, Plaintiffs submitted a FOIA request to DHS. DHS respectfully refer the Court to the cited FOIA Request for the best evidence of its contents and denies all allegations inconsistent therewith.

30. Defendant DHS admits that on December 15, 2022, it sent Plaintiff an acknowledged letter of the Plaintiff's FOIA request and assigned it Request No. 2022-HQFO-02042. DHS admits that it informed Plaintiff that it was referring the request to USCIS.

31. Defendant DHS admits that it received an email from Plaintiff's undersigned counsel on December 15, 2022. DHS respectfully refers the Court to the cited email for the best evidence of its contents and denies all allegations inconsistent therewith.

32. Defendant DHS admits that it received an appeal from Plaintiff on or about January 9, 2023. DHS refers the Court to the email containing the request for an appeal as it is the best evidence of its contents and denies all allegations inconsistent therewith.

33. Defendant DHS admits the allegations in paragraph 33 and refers the Court to the cited letter for the best evidence of its contents and denies all allegations inconsistent therewith.

34. Defendant DHS admits that as of the date of filing of the Plaintiff's Complaint it has not provided a final response to Plaintiff's FOIA request.

35. The allegations contained in Paragraph 35 are legal conclusions, to which no response is required. To the extent any response is required, DHS denies the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

### (USCIS – CONSTRUCTIVE RECORDS DENIAL – NRC2022311926)

36. Defendants incorporate by reference their responses set forth above.

37. Admit.

38. Deny. Defendant USCIS has no record of ever receiving an appeal.

39. Defendants are without knowledge or information sufficient to confirm or deny the allegations contained in Paragraph 39 and therefore deny them at this time. Because USCIS did not receive an appeal it could not have provided any substantive response.

40. The allegations contained in Paragraph 35 are legal conclusions, to which no response is required. To the extent any response is required, DHS denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint sets out Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is deemed necessary, Defendants aver that Plaintiffs are not entitled to the requested relief.

## GENERAL DENIAL

Pursuant to Rule 8(b)(3), Defendants deny all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief may be granted under FOIA.

2. As to some or all of the claims asserted in this action, Plaintiffs have failed to exhaust administrative remedies.

3. Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552(b), and/or the Privacy Act, 5 U.S.C. § 552(a).

4. Plaintiffs are not eligible for or entitled to attorney's fees or costs.

5. The Court lacks jurisdiction to award relief that exceeds that authorized by FOIA.

6. At all times alleged in the Complaint, Defendants acted in good faith and with justification.

7. Defendants reserve the right to amend, supplement, and assert additional affirmative defenses.

WHEREFORE, Defendants respectfully request that the Court dismiss all claims in the Complaint and grant it such other relief as may be just and appropriate.

//

//

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970

DATED this 17th day of May, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL WSBA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
Email: nickolas.bohl@usdoj.gov

*Attorneys for Defendants*

ANSWER TO COMPLAINT
2:23-cv-00499-JLR - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
206-553-7970