District Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO CURY and TAKAO YAMADA,<br><br>                             Plaintiffs,<br><br>        v.<br><br>DEPARTMENT OF STATE, and<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><br>                             Defendants. | Case No. 2:23-cv-00499-JLR<br><br>SECOND SUPPLEMENTAL<br>JOINT STATUS REPORT |

**JOINT STATUS REPORT**

Pursuant to the Court's Order (Dkt. 10), the parties submit this Joint Status Report.

**Case Status**:

Plaintiffs' Position: Defendants claim to have completed their processing of Plaintiffs' FOIA requests. The next step is for Defendants to file a motion for summary judgment demonstrating that there is no genuine issue of material fact regarding the question of whether they have properly processed the requests under FOIA. The remainder of Defendants' Position as stated below is irrelevant. Plaintiffs have done everything they are required to do.

SECOND SUPPL. JOINT STATUS REPORT
2:23-cv-00499-JLR – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<u>Defendants' Position:</u>  The federal agencies have produced all responsive material that it may lawfully produce subject to appropriate withholdings to Plaintiffs.  In particular, Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS") did not locate any responsive documents.  Plaintiffs were informed of this in October 2023.  United States Customs and Border Protection ("CBP") located and produced 42 pages of documents in May 2023 (37 were released in part or in full, and 5 were released in their entirety).  Department of State ("State") located and produced three responsive documents in October 2023 (two in full and one in part) after the commencement of this litigation.  State's Consular Affairs Bureau produced documents before Plaintiffs commenced this litigation.

Since October 2023, undersigned counsel for Defendants sent numerous email communications to Plaintiffs confirming that agencies had either completed their productions or not located documents and further enquiring whether Plaintiffs had any concerns with any of the productions or the withholdings.  None of these emails were answered.  Not until January 23, 2024, did Plaintiffs' counsel respond.  That was only to say that State's withholding under (b)(3) was inappropriate and demand that "everything will need to be briefed."  Plaintiffs later provided a high-level list of issues that expressed general concern with the adequacy of each agency's search and withholdings.  Other than the specific State withholding from prior to the litigation, Plaintiffs have not provided any specificity for its concerns or the basis underlying its concerns.

Nevertheless, the government remains open to trying to work through any issues brought by Plaintiffs that are well-founded and explained.  Currently, Plaintiffs' position is just that all issues will be litigated.  If Plaintiffs provided some detail or specific reasoning as to why it does not think the searches were adequate or why withholdings were improper, then Defendants will address those specifically to see if any accommodation can be reached.

SECOND SUPPL. JOINT STATUS REPORT
2:23-cv-00499-JLR – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    **Proposed Schedule:**

2    <u>Plaintiffs' Position:</u> It is well-established that government agencies bear the burden of

3    proof in FOIA cases and that they must seek summary judgment regarding their processing of

4    the requests in question. Defendants' proposed briefing schedule inverts this rule and seeks to

5    require Plaintiffs, who know virtually nothing about Defendants' processing of the FOIA

6    requests in question, to first prove that the agencies did *not* properly process the requests in

7    question. It is axiomatic that the party which does not bear the burden of proof cannot be

8    required to seek summary judgment. *See, e.g., DOJ v. Reporters Comm. for Freedom of Press*,

9    489 U.S. 749, 755 (1989) ("Unlike the review of other agency action that must be upheld if

10   supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the

11   burden 'on the agency to sustain its action' and directs the district courts to 'determine the

12   matter de novo.'"); *Wiener v. FBI*, 943 F.2d 972, 977-78 (9th Cir. 1991) (explaining evidence

13   agency is required to proffer because "[t]he party requesting disclosure must rely on his

14   adversary's representations"). Accordingly, Plaintiffs request that the Court issue the briefing

15   schedule presented in Defendants' Position below, except reversing the parties, so that

16   Defendants file their motion for summary judgment on April 26, 2024, Plaintiffs file their

17   opposition and any cross-motion on May 17, 2024, and so on.

18          By the same token, Plaintiffs reject the suggestion that they are required to provide any

19   specific objections regarding a process about which they have limited to no knowledge. Should

20   Defendants provide more information—for instance, in the form of draft declarations or draft

21   *Vaughn* indexes—between now and April, Plaintiffs are willing to engage in a reasonable

22   discussion to limit the issues in controversy. However, Plaintiffs will not attempt to guess at the

23   infirmities in Defendants' processing of their FOIA requests and exercise their right as the

24   parties who do not bear the burden of proof to require the Defendants to demonstrate through

SECOND SUPPL. JOINT STATUS REPORT
2:23-cv-00499-JLR – 3

1  admissible evidence that they have properly processed the FOIA requests in question according

2  to the terms of the statute and relevant case law.

3      Defendants' Position:  Defendants believe that the parties should continue to work in

4  good faith to narrow or eliminate all issues.  First, however, Plaintiffs must provide some

5  specific basis for its concerns that Defendants can address.  If the Court orders this, then

6  Defendants propose the parties submit another Joint Status Report by March 29, 2024.

7      If briefing is necessary, the government proposes that Plaintiffs file an opening motion

8  for summary judgment on or before April 26, 2024.  This will assist Defendants in addressing

9  the precise issues and making the briefing more concise and narrowed for the Court.

10  Defendants will file an opposition and cross-motion for summary judgment, if necessary, by

11  May 17, 2024.  Defendants intend to demonstrate the adequacy of their searches and

12  withholdings through declarations, but those issues can be better presented after Defendants

13  understand Plaintiffs' concerns.  Plaintiffs may file their reply and opposition by May 24, 2024,

14  and Defendants their reply by May 31, 2024.

15      Dated this 26th day of January 2024.

16                          Respectfully submitted,

17                          *s/ Kel McClanahan*
                          _____
18                          KEL MCCLANAHAN, WSBA #60671
                          National Security Counselors
19                          4702 Levada Terrace
                          Rockville, MD 20853
20                          Phone: 301-728-5908
                          Fax: 240-681-2189
21                          Email: kel@nationalsecuritylaw.org

22                          *Attorney for Plaintiffs*

23

24

SECOND SUPPL. JOINT STATUS REPORT
2:23-cv-00499-JLR – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

TESSA M. GORMAN
United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL WSBA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: nickolas.bohl@usdoj.gov

*Attorney for Defendants*

SECOND SUPPL. JOINT STATUS REPORT
2:23-cv-00499-JLR – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970