UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO CURY, et al., | CASE NO. C23-0499JLR |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Defendants. | |

This case arises under the Freedom of Information Act ("FOIA"). (*See generally* Compl. (Dkt. # 1).) Before the court is the parties' January 26, 2024 joint status report. (JSR (Dkt. # 11).) The parties are unable to agree on a summary judgment briefing schedule. Plaintiffs Julio Cury and Takao Yamada ("Plaintiffs") assert that Defendants the United States Department of State and the United States Department of Homeland Security (together, the "Agencies") bear the burden of proof in this FOIA action and, as such, "[t]he next step is for [the Agencies] to file a motion for summary judgment

ORDER - 1

1 demonstrating that there is no genuine issue of material fact regarding the question of
2 whether they have properly processed the requests under FOIA." (JSR at 1, 3.) The
3 Agencies assert that Plaintiffs have failed to adequately specify their concerns with the
4 Agencies' productions or withholdings and, consequently, the Agencies are unable to
5 narrow the issues remaining for summary judgment. (*Id.* at 2 (stating that Plaintiffs have
6 "demand[ed] that 'everything will need to be briefed'" and provided only "a high-level
7 list of issues that expressed general concern with the adequacy of each agency's search
8 and withholdings").) The Agencies propose that Plaintiffs file an opening motion for
9 summary judgment, after which the Agencies will file an opposition and potentially
10 cross-move for summary judgment. (*Id.* at 4.) "Plaintiffs reject the suggestion that they
11 are required to provide any specific objections regarding a process about which they have
12 limited to no knowledge." (*Id.* at 3.)

13 Notwithstanding the above, the parties all express a willingness to cooperate in
14 limiting the issues in controversy. (*See id.* at 3-4.) In particular, "Plaintiffs are willing to
15 engage in a reasonable discussion to limit the issues in controversy" if the Agencies
16 "provide more information—for instance . . . draft *Vaughn*[1] indexes." (*Id.* at 3.)
17 Although *Vaughn* indexes are neither required nor necessary in every FOIA case, *Advocs.*
18 *for the W. v. DOJ*, 331 F. Supp. 3d 1150, 1159-60 (D. Idaho 2018), they are a
19 well-accepted and widely utilized mechanism to ensure the requesting party has
20 "sufficient information upon which to determine whether the government agency

---

[1] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

properly withheld the requested documents," *Schiffer v. FBI*, 78 F.3d 1405, 1408 (9th Cir. 1996).  In this court's view, a *Vaughn* index will help facilitate the exchange of information and tailor the issues in this case.  *See, e.g.*, *Wiener v. FBI*, 943 F.2d 972, 977-98 & n.5 (9th Cir. 1991) ("The role of the *Vaughn* index in enabling the adversary process to function in FOIA cases is universally recognized." (collecting cases)).  The court therefore ORDERS as follows:

1. The Agencies shall provide Plaintiffs:  (1) a draft *Vaughn* index, and (2) an accompanying affidavit, by no later than March 22, 2024.  The draft *Vaughn* index shall describe "each document withheld, the statutory exemption claimed, and an explanation of how disclosure would damage the interest protected." *Schiffer*, 78 F.3d at 1408.  The affidavit shall describe each agency's document productions thus far and the search processes that each agency employed to identify and produce those documents.

2. Plaintiffs shall provide the Agencies a letter response to the *Vaughn* index by no later than April 5, 2024.  Plaintiffs' letter shall specifically identify the productions and/or withholdings to which Plaintiffs object, and an explanation of the basis for each particular objection.

3. The parties shall meet and confer in good faith regarding the draft *Vaughn* index, the affidavit, and Plaintiffs' letter response to the same, with the goal of narrowing and/or eliminating issues remaining for summary judgment, by no later than April 19, 2024.

4. The parties shall file a joint status report advising of their progress and proposing an agreed summary judgment briefing schedule, or if they cannot agree on a

briefing schedule, competing proposals on a summary judgment briefing schedule by no later than April 26, 2024.

Dated this 28th day of February, 2024.

JAMES L. ROBART
United States District Judge