UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO CURY, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.<br>.<br><br><br>*Defendants*. | CASE NO. C23-0499JLR |

## **DECLARATION OF PATRICK HOWARD**

I, Patrick A. Howard, declare the following to be true and correct:

1. The statements made in this declaration are based on my personal knowledge, which includes knowledge acquired through information furnished to me in the course of my official duties as Branch Chief in CBP's FOIA Division, and agency files I have personally reviewed in the course of my responsibilities.

2. I am a Branch Chief within the Freedom of Information Act Division (FOIA Division) at U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). I have been a Branch Chief in the FOIA Division since February 8, 2015. In this capacity, and as part of my responsibilities, I oversee a staff of Government Information Specialists (GIS) involved in the processing of requests for records submitted to CBP under FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

3. Pertaining to the matter, *Julio Cury, et al., v. United States Department of State, et al*, case C23-0499JLR, this declaration describes: (1) CBP's document productions thus far; (2) any withholdings associated with the productions; and (3) the search process employed by Government Information Specialists to identify and produce those documents.

4. To date, CBP has released 42 pages of records responsive to Plaintiff, Julio Cury's request, in which he requested all records contained in CBP's Arrival and Departure System.

5. To obtain the 42 pages of responsive records, FOIA Division Government Information Specialists conducted a keyword search in the following CBP systems: AFI (Analytic Framework for Intelligence), and E3. These two systems house all records relevant to Plaintiff's request. GIS personnel searched AFI and E3 using the subject's first name, last name, and DOB to pull any relevant records/hits. The relevant records were then then downloaded, and if the information was in a format other than pdf, the files were converted to pdf. Once converted to pdf, the records were redacted, as necessary. No documentation/record was withheld in its entirety. Any information withheld, was withheld through redactions.

6. As stated above, 42 pages of responsive documents were located. The documents were released as two sets of records. One set of records, amounting to five pages, identifies Plaintiff's U.S. crossing records. These pages were released in their entirety. The second set of records, amounting to 37 pages, identifies CBP inspectional activities. These pages were released in part (segregable), or in full, pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E). **(See Exhibit 1)**.

7. For the set of records containing 37 pages, any withholding of information was by way of redaction. All redactions identify the relevant law protecting the information from

release. The attached *Vaughn* Index describes the redactions/withholdings made on each page and explains how disclosure would damage the interest protected. **(See Exhibit 2)**. As detailed in the *Vaughn*, names and contact information were redacted under 5 U.S.C. 552 (b)(6), (b)(7)(C) to protect the personal privacy of individuals. Moreover, and as further explained in the *Vaughn* Index, redactions under 5 U.S.C. § 552(b)(7)(E) were made to protect CBP operations from harmful disclosure and to ensure law enforcement information would not be used to circumvent the law. To this end, the 37 pages of released records contain non-public and sensitive information regarding CBP inspectional activities. Such techniques, procedures, and investigations have been redacted, as disclosure may enable violators to circumvent the law and/or disrupt CBP's inspectional activities.

8. Most 5 U.S.C. § 552(b)(7)(E) redactions pertain to populated information within their respective titled fields. For example, on CBP Bates Page 1 of Exhibit 1, the populated information found under the field entitled, "Referral Reason," was redacted. This information, along with all other redacted populated information, involves sensitive CBP law enforcement nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods, processes, and rationale for conducting inspectional activities. Consequently, its release could be used to disrupt law enforcement efforts and might increase the risk that a law will be violated. Even if information in these fields seem innocuous, release, even on a piecemeal basis, may enable violators to change their behavior to counter CBP's law enforcement efforts. For example, dates pertaining to sensitive inspectional activities have been redacted, such as the populated dates found on CBP Bates Page 29 of Exhibit 1. Though seemingly innocuous, violators may piecemeal CBP systems information, such as the "start date" and "end date" of a CBP inspectional effort to alter their

behavior. To this end, if "start" and "end" dates are known, those seeking to disrupt CBP's law enforcement efforts or circumvent a law may alter their behavior to avoid CBP inspectional activities for a known timeframe. For this reason, CBP has redacted all populated field information in which disclosure of sensitive inspectional activities may be used to circumvent the law and/or weaken and disrupt CBP's law enforcement efforts.

9. Additionally, the titles of specific fields have been redacted. These field titles, regardless of the field's populated information, identifies sensitive enforcement techniques and procedures that directly pertain to sensitive CBP inspectional methods and rationale. Release, of this information, even on a piecemeal basis, may assist and provoke violators to change their behavior to counter CBP's law enforcement efforts.

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Patrick Howard*  August 22, 2024
_____   _____
Patrick A. Howard                Date