# Exhibit 2

*Cury, et al v. United States Department of State, et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| Julio David Cury Air/Sea Baggage Secondary Inspection | 10/31/03 | Yes; Released in Part | CBP_001 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. To protect harmful disclosure, redactions have been made under (b)(7)(E). |

1

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 1 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| Julio David Cury Air/Sea Baggage Secondary Inspection | 6/25/04 | Yes; Released in Part | CBP_002 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies sensitive information pertaining to CBP law enforcement Category classifications. Release of such information, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 2 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| Julio David Cury Air/Sea Baggage Secondary Inspection | 05/16/07 | Yes; Released in Part | CBP_003 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement database, as well as a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| Julio David Cury Air/Sea Baggage Secondary Inspection | 09/19/10 | Yes; Released in Part | CBP_004 CBP_005 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement database, as well as a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Air/Sea Baggage Secondary Inspection | 11/26/10 | Yes; Released in Part | CBP_006 CBP_007 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 4 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). |

These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement database, as well as a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release of such information, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E).

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| Julio David Cury Air/Sea Baggage Secondary Inspection | 02/04/11 | Yes; Released in Part | CBP_008 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement database. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Air/Sea Baggage Secondary Inspection | 02/04/11 | Yes; Released in Part | CBP_009 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). |

6

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 6 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement database, as well as a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Air/Sea Baggage Secondary Inspection | 03/09/11 | Yes; Released in Part | CBP_010 CBP_011 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and |

7

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 7 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement database, as well as a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Air/Sea Baggage Secondary Inspection | 03/09/11 | Yes; Released in Part | CBP_012 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).

This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. |

8

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 8 of 26

*Cury, et al v. United States Department of State, et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 03/24/2005 | Yes; Released in Part | CBP_013 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).

This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral |

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|----------|------|------------|--------------|--------------------------|-------------|
| | | | | | Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 09/19/10 | Yes; Released in Part | CBP_014 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with |

10

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 10 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature and investigative information. Release of such information, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities.  To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 09/19/10 | Yes; Released in Part | CBP_015 CBP_016 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" |

11

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 11 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to sensitive law enforcement technique categories specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 11/26/10 | Yes; Released in Part | CBP_017 CBP_018 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. |

12

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 12 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to sensitive law enforcement technique categories specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 03/09/11 | Yes; Released in Part | CBP_019 CBP_020 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact |

13

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 13 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous Info" category identifies information pertaining to sensitive law enforcement technique categories specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 05/25/13 | Yes; Released in Part | CBP_021 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 14 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category and "Disposition" field, each contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 5/25/13 | Yes; Released in Part | CBP_022 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal |

15

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 15 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category and "Disposition" field, each contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 9/19/12 | Yes; Released in Part | CBP_023 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 16 of 26

*Cury, et al v. United States Department of State, et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category and "Disposition" field, each contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 02/26/15 | Yes; Released in Part | CBP_024 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).

This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category and "Disposition" field, each contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law |

17

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 17 of 26

*Cury, et al v. United States Department of State, et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 03/04/15 | Yes; Released in Part | CBP_025 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).

This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category and "Disposition" field, each contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 18 of 26

*Cury, et al v. United States Department of State,
et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio David Cury Admissibility Secondary Inspection | 1/20/18 | Yes; released in Part | CBP_026 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover, under the "Remarks" category and "Disposition" field, each contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Redacted | Redacted | Yes; Released in Part | CBP_027 CBP_028 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect |

19

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 19 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, codes, databases, and fields containing law enforcement sensitive information pertaining to the Agency's rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, including seemingly innocuous fields, such as, "Entry Date," under the "Subject" category, even on a piecemeal basis, could assist individuals seeking to circumvent the law. Disclosure of such information, including dates of when specific inspectional activities are placed in CBP databases, would enable individuals to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts.  Likewise, there are several redacted categories under "Subject" that identify information pertaining to sensitive law enforcement techniques specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Redacted | Redacted | Yes; Released in Part | CBP_029 CBP_030 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). <br><br> These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, codes, databases, and fields containing law enforcement sensitive information pertaining to the Agency's |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 20 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, including seemingly innocuous fields, such as, "Entry Date," under the "Subject" category, even on a piecemeal basis, could assist individuals seeking to circumvent the law. Disclosure of such information, including dates of when specific inspectional activities are placed in CBP databases, would enable individuals to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts.  Likewise, there are several redacted categories under "Subject" that identify information pertaining to sensitive law enforcement techniques specific to CBP inspectional operations. Release of such information, including the redacted fields titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Redacted | Redacted | Yes; Released in Part | CBP_031 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, codes, databases, and fields containing law enforcement sensitive information pertaining to the Agency's rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, including seemingly innocuous fields, such as, "Entry Date," under the "Subject" category, even on a piecemeal basis, could assist individuals seeking to circumvent the law. Disclosure of such information, including dates of when specific inspectional activities are placed in CBP databases, would enable individuals to alter |

21

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 21 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|----------|------|-----------|--------------|--------------------------|-------------|
| | | | | | their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, there are redacted categories under "Subject" that identify information pertaining to sensitive law enforcement techniques specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Redacted | Redacted | Yes; Released in Part | CBP_032 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C). |
| | | | | | This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, codes, databases, and fields containing law enforcement sensitive information pertaining to the Agency's rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, including seemingly innocuous fields, such as, "Entry Date," under the "Subject" category, even on a piecemeal basis, could assist individuals seeking to circumvent the law. Disclosure of such information, including dates of when specific inspectional activities are placed in CBP databases, would enable individuals to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts.  Likewise, there are several redacted categories under "Subject" that identify information pertaining to sensitive law enforcement techniques specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" category, it contains sensitive law enforcement operations nomenclature, and investigative information. Release, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 22 of 26

*Cury, et al v. United States Department of State,
et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | disclosure, redactions have been made under (b)(7)(E). To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| David Cury, Julio Miguel Unified Secondary | 03/09/11 | Yes; Released in Part | CBP_033 CBP_034 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).

These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Miscellaneous" and "Admissibility" categories identify information pertaining to a sensitive law enforcement technique category specific to CBP inspectional operations. Release of such information, including the redacted field titles, |

23

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 23 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Moreover, under the "Remarks" and "Admissibility" categories, each contains sensitive law enforcement operations nomenclature, and investigative information. Release of such information, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| Julio Cury Unified Secondary | 03/09/11 | Yes; Released in Part | CBP_035 | (b)(6) (b)(7)(C) (b)(7)(E) | This page reveals names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).<br><br>This page also reveals non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Moreover the redaction under the "Referral Information" category identifies information pertaining to a sensitive law enforcement technique category |

24

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 24 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | specific to CBP inspectional operations. Release of such information, including the redacted field's title, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |
| David Cury, Julio Miguel Unified Secondary | 12/11/17 | Yes; Released in Part | CBP_036 CBP_037 | (b)(6) (b)(7)(C) (b)(7)(E) | These pages reveal names and contact information, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This field has been redacted to protect individuals from unwanted contact, annoyance, or harassment. Reactions have been made under (b)(6) and (b)(7)(C).

These pages also reveal non-public information about law enforcement techniques and procedures. This includes sensitive nomenclature, inspectional codes, and inspectional databases containing law enforcement sensitive information pertaining to the Agency's methods and rationale for conducting inspectional activities on plaintiff. Release of this sensitive law enforcement information, even on a piecemeal basis, could assist violators seeking to circumvent the law. For example, the redactions associated with the "Referral" categories, such as, "Referral Reason," may contain sensitive nomenclature, such as "Terrorist lookout." The same field may instead contain relatively harmless identifiers, such as "Visa," simply for the fact that an individual's visa needs to be checked. If CBP only redacted the "Referral Reason" field when it contained information pertaining to a "Terrorist lookout," as opposed to information pertaining to a "Visa," individuals seeking to circumvent the law may piecemeal sensitive law enforcement information and techniques to find that CBP redacts a specific field only when it pertains to a "Terrorist Lookout," or other sensitive law enforcement identifier. Disclosure of this information would therefore enable violators to alter their patterns and operations of conduct, or effectuate other countermeasures to overcome CBP's enforcement efforts. Likewise, the redactions under the "Admissibility" category identifies information pertaining to sensitive law enforcement technique categories specific to CBP inspectional operations. Release of such information, including the redacted field titles, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 25 of 26

*Cury, et al v. United States Department of State,*
*et al.* C23-0499JLR
Western District of Washington
CBP- Vaughn Index

| Document | Date | Segregable | Bates Number | Exemption 5 U.S.C. § 552 | Description |
|---|---|---|---|---|---|
| | | | | | inspectional activities. Moreover, under the "Remarks" and "Admissibility" categories contains names, sensitive law enforcement operations nomenclature, and investigative information. Release of such information, even on a piecemeal basis, may be used to circumvent the law and/or disrupt CBP inspectional activities. Finally, the field associated with "Site Port" contains sensitive location information pertaining to case specific inspectional activities. Release of port location may help to circumvent the law and may disrupt CBP's inspectional activities. To protect harmful disclosure, redactions have been made under (b)(7)(E). |

Exhibit 2 to Howard Decl
2:23-cv-00499-JLR
Page 26 of 26