District Judge James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO CURY and TAKAO YAMADA,<br><br>          Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF STATE, *et al.*,<br><br>          Defendants. | Case No. 2:23-cv-00499-JLR<br><br>STATE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION, DKTS. 38 AND 40<br><br>Noted for Consideration:<br>May 6, 2025 |

  Plaintiffs have narrowed this matter to one remaining issue. In particular, Plaintiffs challenge "documents created prior to 31 December 2011" for which State withheld information under FOIA Exemption 3 pursuant to Section 222(f) of the Immigration and Nationality Act (INA) (codified as 8 U.S.C. § 1202(f)). *See* Dkt. 38 at 1-2 (Opp.);[1] Dkt. 34. All other arguments and issues have been "withdrawn" by Plaintiffs. *See* Opp., 1.

  After Defendants filed their initial motion for summary judgment (Dkt. 21) Plaintiffs

---

[1] Plaintiffs filed two documents, an opposition and cross-motion (Dkts. 38 & 40) that appear to include substantively identical arguments but with different language in the request for relief. Because the arguments are the same and the practical effect of either request for relief would likely be the same, State responds to both Dkt. 38 and Dkt. 40 through this joint reply and opposition. For ease of reading, citations to Plaintiffs' arguments are made to Dkt. 38 but should be understood to pertain equally to the same arguments contained in Dkt. 40.

STATE'S JOINT REPLY AND OPPOSITION TO DKTS. 38 & 40
[Case No. 2:23-cv-00499-JLR] – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

abandoned their challenge to any other part of the Defendants' FOIA responses. *See* Dkt. 34. After Plaintiffs limited their challenge to a subset of documents subject to Exemption 3, State asked Plaintiffs to identify the document numbers in the *Vaughn* index that Plaintiffs specifically wanted to challenge, but Plaintiffs declined to do so. Accordingly, in order to ensure that State had considered all possible documents that Plaintiffs could challenge, State undertook another review of documents that (1) were listed in State's *Vaughn* as "undated" or with a date before 12/31/2011; and (2) for which State withheld that document, in whole or in part, based on Exemption 3. *See* Dkt. 22-1 (*Vaughn* index).

Following its review, State continues to stand on its Exemption 3 withholdings for the reasons first attested through the Kootz Declaration and *Vaughn* index. *See* Dkts. 22, 22-1. Thus, for all of the reasons provided in Defendants' initial motion for summary judgment and as further explained below, State properly withheld information under Exemption 3 and the Court should grant summary judgment. *See* Dkt. 21 at 13-16.

Plaintiffs' make two categories of arguments: (1) documents pertaining to a visa revocation; and (2) criticisms of the *Vaughn* index and Kootz Declaration, but neither fail to compel a contrary result. Section 222(f) protects against the public disclosure documents concerning visa revocations, as every Court of Appeals to have considered the issue holds. And Plaintiffs' demands for more information present no reason to avoid summary judgment for State, or are outside the scope of FOIA, or both.

**I.    Exemption 3 and Section 222(f) Protects Information Pertaining to Visa Revocations**

FOIA Exemption 3 allows an agency to withhold information that is prohibited from disclosure by another federal statute. 5 U.S.C. § 552(b)(3). Generally, "[t]o determine whether the Government has properly invoked Exemption 3, the Court must: (1) determine whether the statute qualifies as an exempting statute under Exemption 3; and (2) determine whether the

1 requested material falls within the scope of the exempting statute." *Nikaj v. United States Dep't*
2 *of State*, No. C18-0496-JCC, 2019 WL 2602520, at *2 (W.D. Wash. June 25, 2019) (citing *CIA*
3 *v. Sims*, 471 U.S. 159, 167-68 (1985)).

4      Here, Plaintiffs do not contest that INA § 222(f) qualifies as an exempting statute. *See*
5 *e.g.*, *Nikaj*, 2019 WL 2602520, at *2 ("[Section 222(f)] qualifies as an exempting statute under
6 Exemption 3") (citing *Wiener v. FBI*, 943 F.2d 972, 982 (9th Cir. 1991)). Rather, Plaintiffs
7 contend that documents pertaining to visa revocations do not fall within its scope.

8      Section 222(f) provides that "[t]he records of the Department of State and of the
9 diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas
10 or permits to enter the United States shall be considered confidential." 8 U.S.C. § 1202(f)
11 Plaintiffs' argument that "INA § 222(f) does *not* apply to visa cancellations and revocations" is
12 incorrect as a matter of law. *See* Opp., 4. The statute is intended to prevent State from having to
13 expose its thought processes for any matters involving the adjudication of a visa application.
14 *Medina–Hincapie v. Dep't of State*, 700 F.2d 737, 744 (D.C.Cir.1983) (interpreting § 222(f)
15 broadly as covering any 'information revealing the thought-processes of those who rule on the
16 application."). Revoking or cancelling a visa "pertains" to the issuance or refusal if a visa; such
17 actions are merely additional steps in the process whereby State reconsiders its decision to issue
18 a visa.

19      As Plaintiffs concede, every Court of Appeals to have considered § 222(f)'s language
20 making confidential records "pertaining to the issuance or refusal of visas or permits to enter the
21 United States," holds that "visa revocation records unambiguously fall within the 'pertaining to'
22 scope of § 222(f) and must be kept confidential." *Jimenez v. DHS*, 119 F.4th 892, 910 (11th Cir.

23
24

STATE'S JOINT REPLY AND OPPOSITION TO DKTS. 38 & 40      UNITED STATES ATTORNEY
[Case No. 2:23-cv-00499-JLR] – 3      700 STEWART STREET, SUITE 5220
     SEATTLE, WASHINGTON 98101
     (206) 553-7970

2024);[2] *Spadaro v. CBP*, 978 F.3d 34, 45 (2d Cir. 2020) (holding that "documents that relate solely to the revocation of a visa 'pertain[ ] to the issuance or refusal of visas or permits to enter the United States,' and thus fall within the ambit of INA § 222(f)").  District courts similarly find revocations and cancellations are prohibited from disclosure, including a decision by Judge Rothstein sitting in the D.C. District Court.  *See Soto v. U.S. Dep't of State*, 2016 WL 3390667, at *4 (D.D.C. June 17, 2016) ("the statutory language is best read to reach visa revocations, which 'pertain' to the 'issuance or refusal of visas or permits to enter the United States'"); *Vizcarra Calderon v. U.S. Dep't of Homeland Sec.*, 2020 WL 805212, at *2 n.4 (D.D.C. Feb. 18, 2020) (explaining that § 222(f) applies to "*any information*" that has in fact been used by State in considering an actual visa application including even "quasi-refusals") (emphasis added); *Beltranena v. U.S. Dep't of State*, 821 F. Supp. 2d 167, 177-78 (D.D.C. 2011) (per J. Rothstein).

These holdings accord with the plain language of § 222(f), specifically Congress's use of the verb "pertaining."  "The use of the broad phrase 'pertaining to' plainly gives the statute a wider reach than mere issuances and refusals."  *Spadaro*, 978 F.3d at 46.  And "[t]he phrase 'pertaining to,' like the phrase 'relating to' is deliberately expansive," thereby giving § 222(f) "a broad sweep."  *Jimenez*, 119 F.4th at 910.  Documents concerning visa revocations pertain to the issuance and refusal of a visa.  For one, "it is clear that the revocation of a visa pertains to the issuance of a visa because they are so closely related–namely, a revocation constitutes a nullification of that issuance."  *Spadaro*, 978 F.3d at 46.  Any visa "revocation follows from the Secretary's decision to reconsider the visa's issuance," and "a visa can never be revoked without

---

[2] The Eleventh Circuit issued its opinion in *Jimenez* shortly after Defendants filed their initial summary judgment motion.  Therefore, in their summary judgment motion, Defendants cited to the District's Court's opinion, *Jimenez v. DHS*, 2022 WL 1642460 (S.D. Fla. Feb. 24, 2022), *report and recommendation adopted*, 2022 WL 16700354 (S.D. Fla. Nov. 3, 2022), which the Eleventh Circuit has now upheld.  *See* Dkt. 21 at 16 n.4.  Plaintiffs' counsel failed to cite to or discuss any of the *Jimenez* cases in their opposition filed cross-motion, despite being the same counsel of record that argued the *Jimenez* matter.

STATE'S JOINT REPLY AND OPPOSITION TO DKTS. 38 & 40
[Case No. 2:23-cv-00499-JLR] – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

first being issued." *Jimenez*, 119 F.4th at 910; *Spadaro*, 978 F.3d at 46. That is why many courts describe visa revocations and issuances as "two sides of the same coin." *Id.*; *Soto*, 2016 WL 3390667, at *4. Moreover, "records about a visa's revocation 'pertain to' both the visa's issuance and its ultimate refusal." *Jimenez*, 119 F.4th at 910 (cleaned up). A "visa's revocation also constitutes a form of 'refusal' upon [the Secretary's] reconsideration." *Id*.

In arguing for a restricted interpretation of § 222(f), Plaintiffs are asking this Court to disregard the weight of this persuasive authority and instead follow cases and arguments that were overturned and rejected on appeal in their respective circuits. *See* Opp., 5-6. This Court should decline the invitation to develop a split of authority in favor of the overly constrained interpretation of § 222(f) urged by Plaintiffs and espoused in *El Badrawi v. DHS*, 583 F. Supp. 2d 285 (D. Conn. 2008), *abrogated by Spadaro v. CBP*, 978 F.3d 34 (2d Cir. 2020) and *Mantilla v. U.S. Dep't of State*, 2012 WL 4372239 (S.D. Fla. Sept. 24, 2012)[3] for the same reasons it was rejected by Second and Eleventh Circuits.[4]

For instance, application of the *expressio unius* canon to restrict the language of § 222(f), as Plaintiffs argue, is not warranted, because the statute is not "ambiguous." *Spadaro*, 978 F.3d at 47. Rather, "[t]he presence of the broadening phrase 'pertaining to' clearly indicates Congress's intent that the statute cover *more than* just records of issuances and refusals of visas. Therefore, § 222(f)'s specific reference to 'issuance' and 'refusal' cannot be read as exclusive." *Jimenez*, 119 F.4th at 911. And Plaintiffs' related assertion that "[a]ccording to this widespread

---

[3] The Eleventh Circuit's recent opinion in *Jimenez* was not a direct review of *Mantilla*, however, the Eleventh Circuit rejected the conclusion in *Mantilla* that § 222(f) "does not apply to visa revocations" when the Eleventh Circuit held in *Jimenez* that "visa revocation records unambiguously fall within the 'pertaining to' scope of § 222(f) and must be kept confidential. *Compare Mantilla*, 2012 WL 4372239 at *4, *with Jimenez*, 119 F.4th at 910.

[4] Plaintiffs also cite to *Guerra v. United States*, No. C09-1027RSM, 2010 WL 5211613, at *2 (W.D. Wash. Dec. 15, 2010). In *Guerra* the court denied a motion for reconsideration of an order granting a motion to supplement the administrative record in an immigration case, finding that § 222(f) did not bar the release of certain hardship waiver records. It does not control the outcome here.

interpretation of the phrase 'pertaining to,' every document in the State Department would be exempt under INA § 222(f) because they all relate *in some way* to visa issuances and denials," amounts to a strawman argument. Opp., 7-8. State is not claiming in this case that "every document in the State Department," is exempt from FOIA, nor have Plaintiffs identified any other case in which State is taking such an "extreme position."[5] Finally, contrary to Plaintiffs' contention, reading § 222(f) to apply to documents concerning visa revocations, "does not violate the rule that [courts] must construe FOIA exemptions narrowly," because "the plain meaning of § 222(f) requires visa revocation records to be kept confidential," and "when the statute is clear, [the] analysis ends with its plain text." *Jimenez*, 119 F.4th at 911.

## II. State's Exemption 3 Assertions are Not Undermined by Plaintiffs' Criticisms of State's *Vaughn* Index and Kootz Declaration

Plaintiffs make various demands for more information or otherwise critique the Kootz Declaration and State's *Vaughn* index, claiming that "the Court cannot intelligently adjudicate this dispute without more information from State." *See* Dkt. 38 at 2. Plaintiffs are mistaken. State's declaration and *Vaughn* index are entitled to "a presumption of good faith." *Singh v. US Dep't of State*, No. C18-1210 TSZ, 2020 WL 230908, at *2-*3 (W.D. Wash. Jan. 15, 2020). Plaintiffs' criticisms and demands that the agency answer substantive questions about the documents at issue do not overcome the presumption or demonstrate that summary judgment is not warranted for State.[6]

For example, Plaintiffs' argument that, "all of the records denied in full cite multiple

---

[5] The expressed concern is further called into doubt because Plaintiffs have not shown that this was the result in the years following the Second Circuit's decision in *Spadaro*. There is no evidence in the record indicating that State is now claiming that all State's documents are exempt from FOIA in the Second Circuit, or now in the Eleventh Circuit, following *Jimenez*.

[6] However, to the extent that this Court concludes that more information is necessary, State respectfully requests the opportunity to supplement its *Vaughn* index or provide a supplemental declaration, as needed.

STATE'S JOINT REPLY AND OPPOSITION TO DKTS. 38 & 40
[Case No. 2:23-cv-00499-JLR] – 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  exemptions, but it is unclear how much of each record is covered by each exemption" misses the
2  mark. *See* Dkt. 38 at 2. For the universe of challenged documents[7] that are withheld in full,
3  State's *Vaughn* index provides information showing the extent of the FOIA Exemption 3 and
4  § 222(f) withholdings. The *Vaughn* index indicates that for all of these documents, they were
5  "withheld . . . in full" under FOIA Exemption 3 and § 222(f). *See* Dkt. 22-1 at 1-9. That is,
6  State indicated that Exemption 3 provides a sufficient basis for withholding the entire document.
7  *Id*. Because Plaintiffs abandoned their challenge to any other exemption claim, knowing the
8  extent of any overlapping or lesser withholding under a different exemption is not necessary.
9  And there are no challenged documents identified in the *Vaughn* index that State withheld in full
10 under another exemption, but only redacted parts based on FOIA Exemption 3 and § 222(f). *Id*.
11 What is more, for any challenged document withheld in part, where there is overlap with other
12 exemptions, State's assertion of Exemption 3 covers the entire redaction. There is no additional
13 information Plaintiffs need.
14      Likewise, FOIA does not entitle Plaintiffs to demand that an agency answer questions
15 about when documents were received by, submitted to, and/or created by an agency—all of
16 which may be different dates and also unknown. *See* Dkt. 38 at 2. "[A]n agency is not obligated
17 under FOIA to provide answers to a requester's questions," including demands for "explanations
18 of responsive records." *Hall v. BOP*, 132 F. Supp. 3d 60, 67 (D.D.C. 2015), *aff'd*, 2016 WL
19 6237817 (D.C. Cir. Sept. 1, 2016); *see also Jackman v. DOJ*, 2006 WL 2598054, at *2 (D.D.C.
20 Sept. 11, 2006) ("Plaintiff's questions about the authenticity and correctness of the released
21 records are beyond the scope of the Court's FOIA jurisdiction."). Therefore, Plaintiffs'

---

[7] As explained above, in order to be inclusive of all possible documents Plaintiffs purported to challenge, State undertook another review of documents that (1) were listed in State's *Vaughn* as "undated" or with a date before 12/31/2011; and also (2) for which State withheld that document, in whole or in part, based on Exemption 3. *See* Dkt. 22-1

1  contention that "State knows when [certain documents] were submitted," is beside the point. *See*
2  Opp., 2. And to the extent that Plaintiffs contend that this Court cannot resolve summary
3  judgment until "State identifies which records were created or received before 2012," Plaintiffs
4  are mistaken. *See id*. Even assuming arguendo that this information is known to State, it is not
5  required for the Court to rule on State's FOIA Exemption 3 withholdings.

6      Finally, Plaintiffs claim that State's argument relies "entirely" on a conclusory legal
7  opinion by citing to only a single paragraph of the Kootz Declaration that summarized the scope
8  of State's withholdings under FOIA Exemption 3 and § 222(f) and identified the legal standard
9  considered by State. Opp., 6 (citing Dkt. 22, ¶ 34). But this ignores the remainder of the Kootz
10 Declaration concerning Exemption 3 and the factual details provided in State's *Vaughn* index
11 regarding the specific documents at issue that were withheld in full or in part under Exemption 3.
12 *See* Dkts. 22, 22-1. The Kootz Declaration and associated *Vaughn* index should be read
13 together. *See generally Sea Shepherd Legal v. NOAA*, 516 F. Supp. 3d 1217, 1228 (W.D. Wash.
14 2021) ("there is no 'set formula' for a *Vaughn* index").

15     Ultimately, none of the purported inadequacies raised by Plaintiffs go to the single
16 remaining issue: whether § 222(f) applies to documents concerning visa revocations or
17 cancellations. Plaintiffs have not explained why the Court cannot address this statutory
18 interpretation question due to the issues it raised.

19 **CONCLUSION**

20     For the foregoing reasons this Court should grant State's motion for summary judgment,
21 Dkt. 21, for the remaining issues in this litigation, and deny Plaintiffs' cross-motion, Dkt. 38, 40.

22
23
24

DATED this 15th day of April 2025.

        Respectfully submitted,

        TEAL LUTHY MILLER
        Acting United States Attorney

        *s/ Nickolas Bohl*
        NICKOLAS BOHL, WSBA No. 48978

        *s/ Katie D. Fairchild*
        KATIE D. FAIRCHILD, WSBA No. 47712
        Assistant United States Attorneys
        United States Attorney's Office
        Western District of Washington
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Phone: 206-553-7970
        Fax:    206-553-4073
        Email: nickolas.bohl@usdoj.gov
                katie.fairchild@usdoj.gov

        *Attorneys for Defendants*

        I certify that this memorandum contains 2,627 words, in compliance with the Local Rules.

STATE'S JOINT REPLY AND OPPOSITION TO DKTS. 38 & 40
[Case No. 2:23-cv-00499-JLR] – 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970