District Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JULIO CURY, *et al.*, | * | Civil Action No.: 2:23-cv-00499-JLR |
| | * | |
| Plaintiffs, | * | ORAL ARGUMENT REQUESTED |
| | * | |
| v. | * | PLAINTIFFS' REPLY IN SUPPORT OF |
| | * | THEIR CROSS-MOTION FOR |
| DEPARTMENT OF STATE, | * | SUMMARY JUDGMENT |
| | * | |
| Defendant. | * | |
| | * | |
| *   *   *   *   *   *   * | | |

Plaintiffs Julio Cury ("Cury") and Takao Yamada teed up a very straightforward question for Defendant Department of State ("State") to answer: Which responsive records were created or received before 2012? This was not meant to be a trick question, and yet it has stumped the Government. Rather than answer this simple question, State has instead elected to ask this Court to just "trust it," while still failing to commit to the argument. If the Court does not "trust it," State contends, it should give State another chance to provide the evidence that it could very well have provided with its opposition brief but chose not to. (*See* State's Reply Supp. Mot. Summ. J. & Opp'n Pls.' Cross-Mot, Dkts. 38 & 40, Dkt. #41, at 6 n.6 (filed Apr. 15, 2025) ("However, to the extent that this Court concludes that more information is necessary, State respectfully

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT
(2:23-cv-00499-JLR)

1

National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD  20852
501-301-4672

requests the opportunity to supplement its *Vaughn* index or provide a supplemental declaration, as needed.") [hereinafter State's Opp'n].) The Court should decline this request. State *had* "the opportunity to supplement its *Vaughn* index or provide a supplemental declaration," and it squandered it; it should not be given another bite at the apple.

State's entire basis for this argument is the "presumption of good faith" to which State's declaration and *Vaughn* index are entitled in Freedom of Information Act ("FOIA") cases. (*See id.* at 6.) However, State vastly overstates the extent of this presumption. State's declaration and *Vaughn* index are entitled to a presumption of *good faith*, not a presumption of *sufficiency*. As in, the Court must afford them a presumption that the declarant was not materially misrepresenting the statements made in them, not a presumption that the evidence contained therein is sufficient to create a genuine issue of material fact.

For example, State misconstrues Plaintiffs' objection to the lack of particularity in its exemption claims, arguing that the Court needs no additional information because "there are no challenged documents identified in the *Vaughn* index that State withheld in full under another exemption, but only redacted parts based on FOIA Exemption 3 and § 222(f)." (*Id.* at 7.) But that is not what Plaintiffs are arguing. Plaintiffs are instead arguing that there is no evidence that there *are* "challenged documents identified in the *Vaughn* index that State withheld in full under another exemption" in the first place, because the *Vaughn* index simply states that a document has been withheld in full under several exemptions. So, for instance, if the first page of a two-page document were withheld under Exemption (b)(3), and the second page were withheld under Exemption (b)(5), then the *Vaughn* index would say that the entire document was withheld in full under Exemptions (b)(3) and (b)(5). However, that does not mean that the entire document was

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT    2
(2:23-cv-00499-JLR)

National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD  20852
501-301-4672

withheld under Exemption (b)(3) or that the entire document was withheld under Exemption (b)(5), just that between the two exemptions, the entire document was covered.

Therefore, without more clarity about which parts of which documents are withheld under which exemptions, the Court cannot adjudicate this dispute. If the Court were to assume that the above two-page document was withheld in full under Exemption (b)(5), then it would not adjudicate the Exemption (b)(3) claim because Plaintiffs have agreed not to challenge Exemption (b)(5) claims. But in this hypothetical, the entire document is *not* withheld in full under Exemption (b)(5), and so the Court would have made a critical error, solely because State did not elaborate on the exemptions used to withhold documents in full.

Similarly, State complains that an agency is not required to "answer questions" about records or "explain" them (*see id.*), while completely misunderstanding what those prohibitions actually mean. A FOIA requester must request records; they may not simply ask questions for the agency to answer. However, this obviously does not mean that a plaintiff in a FOIA case cannot tell a judge what information is missing from the agency's evidence, and that is exactly what has been done here. State must identify the records created or received before 2012 so the Court can determine whether they are still in controversy in the first place, as well as whether they have anything to do with visa issuances or refusals. Documents created before 2012 were not evaluated by State in the context of a visa application; they were only evaluated in the context of a visa *revocation*. But without this information, the Court has no way of knowing which documents were about actual issuance or denial decisions and which ones were only about the revocation decision.

Regarding the key argument in this case—"whether § 222(f) applies to documents concerning visa revocations or cancellations" (*id.* at 8)—State has not offered any reason for the

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT         3
(2:23-cv-00499-JLR)

National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD  20852
501-301-4672

Court to adopt its reading and not Plaintiffs, beyond stating that some courts have held that they do. Plaintiffs do not dispute that there is a split in federal courts on this question, although they do dispute State's statement that they are relying on "cases and arguments that were overturned and rejected on appeal in their respective circuits" (*id.* at 5). State highlights the fact that *El Badrawi v. DHS*, 583 F. Supp. 2d 285 (D. Conn. 2008), and *Mantilla v. Dep't of State*, No. 12-21109, 2012 U.S. Dist. LEXIS 136152 (S.D. Fla. Sept. 24, 2012), have been effectively overruled by the Second and Eleventh Circuits, respectively, but then relegates a decision from *this district* to a footnote, saying that "[i]t does not control the outcome here." (State's Opp'n at 5 n.4.) While it is undeniably true that this district court opinion is not controlling precedent that this Court has to follow, the Court cannot lightly ignore it, especially given the included discussion in which the judge rejected the same arguments raised by State herein. As Plaintiffs stated in their Motion, this case rises and falls on this question, and if the Court decides to follow the Second and Eleventh Circuit, then this case is over. However, if this Court elects to follow the lead of a fellow judge in this district, as well as the judges in Connecticut and Florida, State has failed to meet its burden of demonstrating the existence of a material fact.

## CONCLUSION

For the foregoing reasons and those listed in Plaintiffs' Motion, the Court should grant Plaintiffs' Motion.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT            4
(2:23-cv-00499-JLR)

National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD  20852
501-301-4672

Date:   May 6, 2025

                                       Respectfully submitted,

                                       <u>/s/ Kelly B. McClanahan</u>
                                       Kelly B. McClanahan, Esq., WSBA #60671
                                       National Security Counselors
                                       1451 Rockville Pike
                                       Suite 250
                                       Rockville, MD  20852
                                       501-301-4672
                                       240-681-2189 fax
                                       Kel@NationalSecurityLaw.org

                                       *Counsel for Plaintiffs*

I certify that this memorandum contains 1158 words, in compliance with the Local Civil Rules.