District Judge James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO CURY and TAKAO YAMADA, | Case No. 2:23-cv-00499-JLR |
| Plaintiffs, | JOINT STATUS REPORT |
| v. | |
| DEPARTMENT OF STATE, and DEPARTMENT OF HOMELAND SECURITY, | |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order on summary judgment, Dkt. 44, the parties submit this joint statement. Regarding any substantive FOIA claims, Plaintiff intends to appeal this Court's order on summary judgment. Plaintiffs and Defendants agree that there are no other substantive FOIA claims or issues in this litigation that have not otherwise been resolved and are in need of this Court's resolution.

Regarding any request for attorney's fees, Plaintiffs further request that any discussion of attorneys' fees be postponed until after an appeal is adjudicated. See Advisory Committee Note to Rule 54(d) ("If an appeal on the merits of the case is taken, the court may rule on the claim for

JOINT STATUS REPORT
2:23-cv-00499-JLR – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). As it currently stands, Plaintiff is only entitled to compensation under the catalyst theory, *see First Am. Coalition v. DOJ*, 878 F.3d 1119, 1127 (9th Cir. 2017), for a minority of the work performed by its attorneys, and if it prevailed *at all* in an appeal, it would almost certainly necessitate a new round of briefing on attorneys' fees, which would be highly duplicative of any fee petition filed with this Court at this time. It would therefore be significantly more efficient for the parties to wait until this appeal had been fully resolved to discuss the question of attorneys' fees. *See Forras v. Rauf*, 74 F. Supp. 3d. 1, 3 (D.D.C. 2014) ("[E]ven if the decision is upheld on appeal, the Court will likely face another motion for attorney fees related to the cost of the appeal process. Such a motion would raise issues similar to those in the present motion for attorney fees . . . . Therefore, much of the subsequent analysis would be duplicative."). Lastly, as the catalyst theory is well-established in FOIA case law across the country, the Court should give little weight to Defendants' position that an award of attorneys' fees is unwarranted, but even to the extent that the Court considers that statement, it should still agree that a substantive briefing of that question should wait until the appeal is resolved.

The government does not agree that an award of attorney's fees to Plaintiffs is warranted, but does not oppose postponing resolution of any attorney's fees issues until the conclusion of any appeal.

//

JOINT STATUS REPORT
2:23-cv-00499-JLR – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 13th day of August, 2025.

Respectfully submitted,

| NATIONAL SECURITY COUNSELORS | TEAL LUTHY MILLER |
|---|---|
| | Acting United States Attorney |
| *s/Kel McClanahan* | *s/ Katie D. Fairchild* |
| KEL MCCLANAHAN, WSBA No. 60671 | KATIE D. FAIRCHILD, WSBA No. 47712 |
| 4702 Levada Terrace | Assistant United States Attorney |
| Rockville, MD 20853 | United States Attorney's Office |
| Phone:  301-728-5908 | Western District of Washington |
| Fax:       240-681-2189 | 700 Stewart Street, Suite 5220 |
| Email:    kel@nationalsecuritylaw.org | Seattle, Washington 98101-1271 |
| | Phone: 206-553-7970 |
| *Attorney for Plaintiffs* | Fax:     206-553-4073 |
| | Email:   katie.fairchild@usdoj.gov |
| | *Attorneys for Defendants* |

JOINT STATUS REPORT
2:23-cv-00499-JLR – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970